UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CHRISTIEN D. MARTIN,

            Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

            Defendants.
_____/

Case No. 1:25-cv-1176

Honorable Ray Kent

**<u>OPINION</u>**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.8.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.,*

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

### Discussion

**I.      Factual Allegations**

In this action, Plaintiff sues eighteen Defendants relating to events at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. Plaintiff sues the Michigan Department of Corrections (MDOC), MDOC Director Heidi Washington, ICF, Bellamy Creek Correctional Facility Corrections Officer (CO) Donahue, and the following ICF staff: Warden Dale Bonn, CO Unknown Allen, CO Unknown Sweet, CO Unknown Fralick, CO Unknown Beeler, CO Unknown Brandli, CO Unknown Kalurenski, Nurse Amy Moody, CO Unknown Drescher, CO Unknown

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Ortiz, CO Unknown Walker, Grievance Coordinator K. Miller, CO Unknown Byrd, Unit Chief Unknown Maranka, and A/ADW Unknown Guilford. All Defendants are sued in their official and personal capacities.

Plaintiff alleges a "denial of healthcare" because "all correctional officers listed [are] putting arsenic and fentanyl and other known poison in [his] food trying to murder [him] and make it look like a drug overdose."[2] (Compl., ECF No. 1, PageID.6.) Plaintiff has "received over thirty different food trays with poison in [them] and [has] not receiv[ed] medical help" despite his submission of medical kites. (*Id*.) Plaintiff claims that "the facility wouldn't give [him] medical help for over three to four months at a time." (*Id*). He has "written numerous grievances [and] they won't investigate the issues . . . or even give [him] medical services." (*Id*.) Further, Plaintiff's complaint alleges that unnamed officers "threaten to murder [him] verbally and deny[] all [his] healthcare kites and also den[y] all of [his] grievances." (*Id*.) Plaintiff states that "the facility is hiding [t]hat they are . . . putting poison in our food and denying prisoners healthcare."[3] (*Id*.)

Plaintiff alleges that "the Warden has knowledge his staff [are] doing these actions [i.e. poisoning food and denying medical services] to Plaintiff." (*Id*., PageID.7.) Further, Plaintiff alleges that "the Warden has signed off on numerous grievances" and has knowledge that "his staff [are] putting poison in Plaintiff['s] food [in] retaliation . . . [for a] formal civil suit against Michigan

---

[2] In this opinion, the Court corrects the capitalization and punctuation in quotations from Plaintiff's filings.

[3] To the extent that Plaintiff's complaint attempts to raise any claims or causes of action on behalf of other prisoners, Plaintiff may not do so, and any intended claims brought on behalf of other prisoners are not addressed in this opinion. *See Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) ("In the Sixth Circuit, a section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort." (citations omitted)); *see also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").

Department of Corrections." (*Id.*) Plaintiff claims that "the Warden has notified medical services to deny and ignore all medical kites and grievances." (*Id.*) Plaintiff also alleges that the Grievance Coordinator, Defendant Miller, "has rejected every grievance the Plaintiff has put in without doing any investigation." (*Id.*)

Based on the foregoing allegations, the Court construes Plaintiff's complaint to raise a First Amendment retaliation claim, an Eighth Amendment claim relating to the denial of medical care, and a Fourteenth Amendment due process claim regarding the filing of grievances. Plaintiff seeks injunctive relief and damages.[4]

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

---

[4] The Court notes that Plaintiff filed a statement seeking to exclude his case from the Court's Pro Se Prisoner Civil Rights Litigation Early Mediation Program (PEM).  However, Plaintiff's request is premature because this action has not yet been referred to PEM.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Defendants MDOC and ICF

Plaintiff names the MDOC and ICF as Defendants. (Compl., ECF No. 1, PageID.1, 5.) As an initial matter, Plaintiff does not name Defendants MDOC or ICF in the body of his complaint. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights). Defendants MDOC and ICF are subject to dismissal for this reason alone.

Moreover, § 1983 expressly requires that a named defendant be a "person." *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The State of Michigan (acting through the MDOC) is not a "person" within the meaning of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (holding a state is not a "person"); *Parker v. Mich. Dep't of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003) (citing *Will* and holding that the MDOC is not a "person.").

Further, ICF is not a separate entity capable of being sued. *See, e.g.*, *Ryan v. Corizon Health Care*, No. 1:13-cv-525, 2013 WL 5786934 (W.D. Mich. Oct. 28, 2013) (discussing that "individual prisons named as Defendants . . . are buildings used by the MDOC to house prisoners," and "[t]hey are not the proper public entity for suit"); *Poole v. Michigan Reformatory*, No. 09-CV-13093, 2009 WL 2960412, at *1 (E.D. Mich. Sept. 11. 2009) ("Plaintiff names the Michigan Reformatory, the Earnest C. Brooks Correctional Facility, and the Macomb Correctional Facility as defendants in this action. Those entities, however, are institutions operated by the MDOC and are not . . . legal entities subject to suit . . . .").

Regardless, Plaintiff's claims against Defendants MDOC and ICF also fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2).

Accordingly, for these reasons, Plaintiff fails to state any claim against Defendants MDOC and ICF upon which relief may be granted.

### B.    Defendants Washington, Allen, Sweet, Donahue, Fralick, Beeler, Brandli, Kalurenski, Moody, Drescher, Ortiz, Walker, Byrd, Maranka, and Guilford

Plaintiff lists MDOC Director Washington, CO Allen, CO Sweet, CO Donahue, CO Fralick, CO Beeler, CO Brandli, CO Kalurenski, Nurse Moody, CO Drescher, CO Ortiz, CO Walker, CO Byrd, Unit Chief Maranka, and A/ADW Guilford as Defendants in this action; however, Plaintiff fails to allege any facts showing how these Defendants were personally involved in the violation of his constitutional rights. (*See generally* Compl., ECF No. 1.)

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (2007) (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject

7

to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore*, 92 F. App'x at 190; *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

In this action, Plaintiff's allegations refer to "all correctional officers listed," with additional references to "they," "staff," and "the facility," when describing who took the actions against him. (*See* Compl., ECF No. 1, PageID.6–7.) However, Plaintiff's "[s]ummary reference to a single, five-headed 'Defendants' [or 'they' or 'the facility'] does not support a reasonable inference that each Defendant is liable . . . ." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citation omitted). The United States Court of Appeals for the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). Here, Plaintiff's general references to "correctional officers," "they," and "the facility" are insufficient to show that any individuals, let alone the named Defendants, were personally involved in the actions that Plaintiff attributes to these groups of people.

Further, Plaintiff does not name Defendants Washington, Allen, Sweet, Donahue, Fralick, Beeler, Brandli, Kalurenski, Moody, Drescher, Ortiz, Walker, Byrd, Maranka, or Guilford in the body of his complaint. (*See generally* Compl., ECF No. 1.) Plaintiff's claims against these Defendants therefore fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

To the extent that Plaintiff seeks to hold Defendants Washington or Guilford liable due to their supervisory positions, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell*, 436 U.S. at 691; *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The Sixth Circuit has repeatedly summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993).

Here, Plaintiff fails to allege any *facts* showing that Defendants Washington or Guilford encouraged or condoned the conduct of their subordinates, or authorized, approved, or knowingly acquiesced in their conduct.

9

Accordingly, for these reasons, Plaintiff's complaint will be dismissed for failure to state a claim against Defendants Washington, Allen, Sweet, Donahue, Fralick, Beeler, Brandli, Kalurenski, Moody, Drescher, Ortiz, Walker, Byrd, Maranka, or Guilford.

**C.      Defendant Miller**

Plaintiff's complaint alleges that Defendant Miller, as the ICF Grievance Coordinator "has rejected every grievance the Plaintiff has put in without doing any investigation." (Compl., ECF No. 1, PageID.7.) Based on these allegations, the Court construes Plaintiff's complaint to raise a Fourteenth Amendment due process claim regarding his use of the grievance procedure at ICF.

Various courts have repeatedly held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy*, 30 F. App'x 568, 569–70 (6th Cir. 2002); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). And, Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Thus, because Plaintiff has no liberty interest in the grievance process, any response, or lack thereof, to Plaintiff's grievances did not deprive Plaintiff of due process.

Accordingly, Plaintiff's Fourteenth Amendment due process claims against Defendant Miller regarding his use of the grievance procedure at ICF will be dismissed for failure to state a claim.

**D.      Defendant Bonn**

Plaintiff sues Defendant Bonn because he "signed off on numerous grievances even though he has knowledge that the facts are true and ha[ve] taken place of Plaintiff being denied medical

10

care and that his staff is putting poison in Plaintiff['s] food [as] retaliation because of [his] formal civil suit against Michigan Department of Corrections." (Compl., ECF No. 1, PageID.7.) Plaintiff also seeks to hold Defendant Bonn liable because Bonn "notified medical services to deny and ignore all [Plaintiff's] medical kites and grievances." (*Id*.) The Court construes these allegations as raising a First Amendment retaliation claim, an Eighth Amendment claim for the denial of medical treatment, and a Fourteenth Amendment due process claim regarding Plaintiff's use of the grievance procedure against Defendant Bonn, and will address each below.

### 1.    First Amendment Retaliation Claim

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) the plaintiff was engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to show that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

At this stage of the proceedings, the Court assumes, without deciding, that Plaintiff's "formal civil suit against Michigan Department of Corrections," (Compl., ECF No.1, PageID.7), is protected conduct for the purposes of his First Amendment claim.

However, Plaintiff's retaliation claim fails at the second and third elements because his allegations are entirely conclusory. Plaintiff alleges that Defendant Bonn "signed off on numerous grievances even though he has knowledge that the facts are true and ha[ve] taken place of Plaintiff being denied medical care and that his staff is putting poison in Plaintiff['s] food [as] retaliation

11

because of [Plaintiff's] formal civil suit against Michigan Department of Corrections." (Compl., ECF No. 1, PageID.7.) As an initial matter, it is not clear if Plaintiff intended to allege that Defendant Bonn retaliated against Plaintiff by "sign[ing] off on numerous grievances" filed by Plaintiff or if Plaintiff intended to allege that unnamed staff retaliated against Plaintiff by putting poison in his food and denying Plaintiff's requests for medical care and that Defendant Bonn had knowledge of the alleged retaliatory actions of these unnamed staff members. (*See id.*) If it is the latter, Defendant Bonn cannot be held liable for the actions of his subordinates. *See Iqbal*, 556 U.S. at 676; *Monell*, 436 U.S. at 691; *Everson*, 556 F.3d at 495.

If it is the former, the allegation that Defendant Bonn "signed off on numerous grievances" relating to unnamed staff denying Plaintiff's requests for medical care and "putting poison in Plaintiff['s] food [as] retaliation" for Plaintiff's civil suit against the MDOC (Compl., ECF No. 1, PageID.7), is simply alleging the ultimate fact of retaliation without any supporting facts. Plaintiff alleges no facts about what prior civil suit Plaintiff is referring to in this claim or when the events at issue occurred. Without facts about the specific prior civil suit at issue, Plaintiff necessarily fails to show that Defendant Bonn had any knowledge of the prior civil suit, let alone that Defendant Bonn denied Plaintiff's grievances because Plaintiff had filed the unspecified prior civil suit. Such "conclusory allegations of retaliatory motive 'unsupported by material facts'" do not state a claim under § 1983. *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (citation omitted); *see Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (holding that in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial" (internal quotation marks omitted); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("[B]are allegations of

12

malice on the defendants' parts are not enough to establish retaliation claims [that will survive § 1915A screening]." (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998)).

Accordingly, for these reasons, any intended First Amendment retaliation claims will be dismissed for failure to state a claim.

### 2.    Eighth Amendment Medical Care Claim

The Court also construes Plaintiff's allegations that Defendant Bonn "notified medical services to deny and ignore all medical kites" as raising an Eighth Amendment claim against Defendant Bonn. (*See* Compl., ECF No. 1, PageID.7.)

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of

facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Here, Plaintiff alleges in a conclusory manner that at an unspecified time, Defendant Bonn "notified medical services" to deny Plaintiff's medical kites and treatment requests and that Defendant Bonn "has knowledge" of staff denying Plaintiff's request for medical care. (Compl., ECF No. 1, PageID.7.) However, Plaintiff fails to allege any *facts* to support his conclusory assertions. Indeed, Plaintiff does not allege when these events took place or to whom in "medical services" Defendant Bonn communicated with regarding denying Plaintiff's medical kites. Under these circumstances, Plaintiff's conclusory allegations fall far short of the Sixth Circuit's directive that "claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Heyne*, 655 F.3d at 564. Again, it is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (2007). Based on the Plaintiff's allegations, the Court determines that the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

Further, to the extent that Plaintiff seeks to hold Defendant Bonn liable due to his supervisory position, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell*, 436 U.S. at 691; *Everson*, 556 F.3d at 495; *see supra* Section II.B. Plaintiff fails to allege any *facts* showing that Defendant Bonn encouraged or condoned the conduct of his subordinates, or authorized, approved, or knowingly acquiesced in any alleged conduct.

In summary, for the reasons set forth above, Plaintiff's Eighth Amendment medical claims against Defendant Bonn will be dismissed for failure to state a claim.

### 3.    Fourteenth Amendment Due Process Claim Regarding Grievances

Finally, the Court construes Plaintiff's allegation that Defendant Bonn "signed off on numerous grievances even though he has knowledge that the facts are true and ha[ve] taken place" as raising a Fourteenth Amendment due process claim against Bonn regarding the denial of Plaintiff's grievances.

As explained above, Plaintiff has no constitutionally protected due process right to an effective prison grievance procedure. *See supra* Section II.C. And, Defendant Bonn's denial of Plaintiff's grievances did not deprive Plaintiff of due process. Therefore, any intended Fourteenth Amendment due process claim against Defendant Bonn regarding Plaintiff's use of the grievance procedure at ICF will be dismissed for failure to state a claim.

### Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.

Dated:    June 17, 2026                          /s/ Ray Kent
                                                              Ray Kent
                                                              United States Magistrate Judge

15